**Robert J. ECKHOLT, Plaintiff,**

v.

**AMERICAN BUSINESS INFORMATION, INC., et al., Defendants.**

Civ. A. No. 93–2440–KHV.

United States District Court,
D. Kansas.

Dec. 2, 1994.

See also 873 F.Supp. 510.

---

John M. Edgar, Steven E. Mauer, Matthew V. Bartle, Robert J. Hoffman, Bryan Cave, Kansas City, MO, for Robert J. Eckholt.

Heather Suzanne Woodson, Mark D. Hinderks, Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, KS, Elliot S. Kaplan, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, for American Business Information, Inc.

Heather Suzanne Woodson, Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, KS, Elliott S. Kaplan, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, for American Business Communications, Inc.

Robert J. Hoffman, Bryan Cave, Kansas City, MO, for Business Communications and Information Inc.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on the *Motion of Plaintiff Eckholt for Partial Summary Judgment on Claim for Wages Pursuant to K.S.A. § 44–313* (Doc. #110).

Plaintiff Robert J. Eckholt has sued defendants American Business Information, Inc. ("ABI") and its subsidiary, American Business Communications, Inc. ("ABCI"), for various breaches of agreements, false promises and other claims arising out of an asset purchase agreement between Eckholt's company, Business Communications and Information, Inc. ("BCI"), as seller and ABCI as buyer. In his complaint, Eckholt demands payment of four months' wages (one month's notice pay and three months' severance pay) allegedly due under a written contract of employment. In its counterclaim, ABCI seeks to rescind the employment agreement because of fraudulent inducement by Eckholt and BCI.

In this motion, Eckholt seeks summary judgment on his wage claim. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court considers all evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). The nonmoving party, however, "may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). Thus, summary judgment may be entered "against any party who fails to make a sufficient showing to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## Facts

On June 11, 1993, Eckholt and ABCI entered into an Employment Agreement (the "Agreement") that provided for Eckholt's employment as president of ABCI at a base salary of $150,000 per year ($12,500 per month). The Agreement also set forth circumstances under which ABCI could terminate Eckholt for cause, including "commission of an act of fraud, malfeasance or gross negligence." Under the Agreement, if ABCI terminated Eckholt's employment for cause, its contractual obligations (including all salary obligations) ceased immediately. The Agreement made no provision for notice or severance pay.

On June 11, 1993, the parties also executed a "Modification Letter" which gave ABCI the option to terminate Eckholt under certain circumstances not set forth in the primary Agreement. More specifically, in the Modification Letter, ABCI stipulated as follows:

> We will not consider your performance satisfactory as President of ABCI and your contract will be in default unless ABCI shall attain each year pretax, preamortization profits equal to 12% of the current year's gross revenues with 10% gross revenue growth over the previous year. If you have not met these standards, we will have the option to terminate you on 30 days notice. If we exercise this option, you will receive three months severance pay and we will purchase your stock in ABCI as set forth below.

On October 1, 1993, Eckholt received a letter from the president of ABI, ABCI's parent company. The letter notified Eckholt that, effective immediately, his employment was terminated pursuant to the Agreement and Modification Letter for failing to meet the performance standards outlined in the Modification Letter. ABCI did not give Eckholt 30 days' notice of his termination or pay him any severance pay.

## Discussion

Kansas law requires that "[w]henever an employer discharges an employee ... the employer shall pay the employee's earned wages not later than the next regular payday

upon which he or she would have been paid if still employed...." K.S.A. § 44–315(a) (1993). The parties agree that ABCI was an "employer" and Eckholt an "employee" as those terms are defined in K.S.A. § 44–313.

## A. Contractual wage claims.

ABCI insists that it terminated Eckholt under the primary Agreement, rather than the Modification Letter, and that he therefore has no actionable contract claim for notice or severance pay. ABCI maintains that this argument gives rise to a genuine issue of material fact (*i.e.*, whether it terminated Eckholt's employment under the primary Agreement, the Modification Letter, or both) and that this factual issue is sufficient to defeat Eckholt's motion for summary judgment on his wage claim.

■ This argument is at odds, however, with the position taken by ABCI in the *Pretrial Order* (Doc. # 134), filed September 8, 1994, which defines the factual and legal issues in this case. In that pretrial order, ABCI unequivocally states:

> Eckholt was terminated for failure to meet the standards set forth in the Modification Letter, in that the performance of ABCI during Eckholt's employment was such that the standards set forth in the Modification Letter (which Eckholt himself negotiated with the advice of counsel) were not then possible of achievement, and at that point, could not have been achieved for the applicable period as of the termination date.

*Pretrial Order* at 18. Any arguments which are inconsistent with the pretrial order must be disregarded for purposes of this motion, and in this regard it is important to emphasize that in the pretrial order, ABCI states merely that Eckholt's termination was "justifiable" by reason of fraud. Nowhere does it claim that it terminated Eckholt's employment under the primary Agreement or deny that it terminated him under the Modification Letter. Accordingly, no genuine issue of material fact precludes entry of summary judgment on this point.

■ ABCI also argues that summary judgment should be denied because notice and severance pay do not constitute "wages" under K.S.A. § 44–313(c). That section of the Kansas wage statute defines "wages" as:

> ... compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission *or other basis* ....

*Id.* (emphasis added). The phrase "or other basis" has been clarified to mean:

> ... all agreed compensation for services for which the conditions required for entitlement, eligibility, accrual or earning have been met by the employee. Such compensation may include, but is not limited to, profit sharing, fringe benefits, or compensation due as a result of services performed under an employment contract that has a wage rate required or implied by state or federal law. Conditions subsequent to such entitlement, eligibility, accrual or earning resulting in a forfeiture or loss of such earned wage shall be ineffective and unenforceable.

K.A.R. 49–20–1(d). In view of this broad definition and the statute's broadly protective purpose, the Court finds that notice and severance pay in this case clearly constitute "wages," since the four months' salary was "agreed compensation for services" that Eckholt bargained for with ABCI. ABCI has cited no persuasive authority that controverts this finding.

Furthermore, as defendants point out, the above regulation and the case law in Kansas allow employers to impose conditions precedent to their obligation to pay wages, but the law prohibits employers from imposing conditions subsequent once an employee's right to the compensation has vested. The only condition required in the Modification Letter for Eckholt's entitlement to those wages was his termination for failure to meet the performance standards set forth therein.

Although ABCI now highlights the fact that the performances standards were yearly indicia of the company's financial situation, that fact does not add a condition precedent to the employment contract between Eckholt and ABCI that Eckholt be employed for at least one year before his compensation vested. The plain language of the Modification Letter contains no such condition, and there

is no evidence in the record that the parties to the employment contract ever intended to impose one. Consequently, the Court holds that the four months' notice and severance pay provided for in the Modification Letter between ABCI and Eckholt constitutes wages under K.S.A. § 44–313(a).

Finally, ABCI claims it is justified in withholding Eckholt's wages as a private setoff against damages which it sustained on account of fraud by Eckholt. This alleged right of setoff is nowhere found in the Kansas wage statute, and it is not supported by the cases ABCI cites. The Court need not resolve the issue at this time, however, because Eckholt's motion seeks summary judgment on only the issue of wage entitlement, and the alleged rights of setoff (if they exist) are not a defense to Eckholt's statutory wage claim.

■ ABCI's primary defense to Eckholt's wage claim is more substantial. That defense is that Eckholt fraudulently induced ABCI to enter into both the primary Agreement and the Modification Letter, along with the underlying Asset Purchase Agreement, and that it is therefore entitled to rescind all of those agreements. As set forth more fully in a separate order filed contemporaneously herewith (Doc. # 215), the Court has concluded that ABCI has a triable claim against Eckholt for fraud. If ABCI prevails on its theory of fraudulent inducement and the agreements are rescinded, Eckholt cannot succeed on any wage claim under the primary Agreement or Modification Letter. Until this issue is resolved, summary judgment on Eckholt's contractual wage claim would be inappropriate.

### B. Equitable wage claims.

■ Eckholt claims that even if ABCI prevails on its rescission claim, he is entitled to be compensated for services which he performed for ABCI. Implicit in this claim is an argument that Eckholt should be compensated at the rate established in the written employment agreements. Also implicit in this argument, because Eckholt has received his monthly pay through the date of his termination, is a claim that the equivalent of an additional four months' notice and sever-

ance pay is equitable payment for services Eckholt rendered prior to that date.

Eckholt has submitted no evidence from which the Court may determine as a matter of law that absent an enforceable employment agreement, four months' pay is an equitable or otherwise appropriate award. ABCI correctly asserts that "any value of Eckholt's services outside the rescinded contract will be a question of fact to be determined by the jury." Accordingly, Eckholt's request for summary judgment on this issue must be denied.

**IT IS THEREFORE ORDERED** that the *Motion of Plaintiff Eckholt for Partial Summary Judgment on Claim for Wages Pursuant to K.S.A. § 44–313* (Doc. # 110) be and hereby is OVERRULED.